STATE TROOPERS FRATERNAL ASSOCIATION, INC., A COR-
PORATION OF THE STATE OF NEW JERSEY, STANLEY
HETMAN, ROBERT BABIAK AND THOMAS ISKRZYCKI,
PLAINTIFFS-APPELLANTS, v. STATE OF NEW JERSEY,
DEPARTMENT OF LAW AND PUBLIC SAFETY, DI-
VISION OF STATE POLICE AND STATE OF NEW JER-
SEY, DEPARTMENT OF CIVIL SERVICE, DEFEND-
ANTS-RESPONDENTS.

Argued February 5, 1973—Decided March 5, 1973.

*Mr. Gerald A. Liloia* argued the cause for plaintiffs-appellants (*Messrs. Riker, Danzig, Scherer & Brown,* attorneys; *Mr. Liloia,* of counsel and on the brief).

*Mr. Theodore A. Winard,* Assistant Attorney General, argued the cause for defendants-respondents (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Mr. Winard,* of counsel and on the brief).

PER CURIAM. Plaintiffs sought in this case to compel the conducting of competitive promotional examinations for vacancies in the officer ranks in the Division of State Police on the ground that such is constitutionally mandated by the Civil Service provision of the 1947 Constitution, Art. VII, § I, par. 2, or, alternatively, that it is statutorily required by the Civil Service Act, *N. J. S. A.* 11:4–2, by reason of the absence of inclusion of the membership of the State

Police in the unclassified civil service specified in *N. J. S. A.* 11:4–4. The trial judge denied the requested relief, 115 *N. J. Super.* 503 (Ch. Div. 1971), upon the basis, in effect, that the constitutional provision, whatever its purpose and effect, did not control because the discretionary powers of appointment and promotion given the Superintendent of the State Police by the act creating that body (*L.* 1921, *c.* 102, now *N. J. S. A.* 53:1–1 *et seq.*) preceded the constitutional section and because it was implicit in the 1921 act that the Legislature did not intend the members of the State Police to be included in the classified civil service previously created by *L.* 1908, *c.* 156.

On appeal, the Appellate Division affirmed. 119 *N. J. Super.* 375 (1972). We granted plaintiffs' petition for certification, limited to the question whether the Constitution requires inclusion of the members of the State Police in the classified service. 62 *N. J.* 68 (1972).

■ We also affirm. We are satisfied beyond any doubt that the Legislature in 1921 intended the members of the State Police to be in the unclassified service. *Cf. Atlantic Community College v. Civil Service Commission,* 59 *N. J.* 102, 111–113 (1971). In view of the chronology here, the provision of the 1947 Constitution does not compel the negation of that determination (*see Bayonne v. Dougherty,* 59 *N. J. Super.* 288, 295–296 (App. Div. 1960), appeal dismissed, 34 *N. J.* 240 (1961); *Goff v. Hunt,* 6 *N. J.* 600, 607–608 (1951)) and further discussion of the meaning and effect of the constitutional provision is not called for.

■ State Police members thus being properly in the unclassified service, plaintiffs' contention, first made in the Appellate Division and considered in that tribunal's opinion, that the legislative delegation of absolute discretion to the Superintendent in the area of promotions is invalid because devoid of standards, is an unsound argument and the views expressed by the Appellate Division need not be considered. While the very concept of the unclassified service necessarily implies discretion in the appointing power, it is always

desirable, even if not legally required, for that authority, especially in a body as large as the State Police and where membership morale is so important, to announce in advance the considerations for promotion insofar as they may reasonably be articulated and to give the opportunity, unless definitely infeasible, to a man to be advised of why he was not considered eligible for or failed of promotion.

The judgment of the Appellate Division is affirmed. No costs.

*For affirmance* — Chief Justice WEINTRAUB, Justices JACOBS, HALL and MOUNTAIN and Judges CONFORD, SULLIVAN and LEWIS—7.

*For reversal* — None.